UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHEN LANGA,

    Plaintiff                                     Case No.: 21-cv-1790

Vs.

INTERSTATES OF FLORIDA, INC.,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, STEPHEN LANGA, hereinafter ("Mr. Langa" or "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint and Demand for Jury Trial against Defendant, INTERSTATES OF FLORIDA, INC. (hereinafter "Interstates" or "Defendant"), and states:

**JURISDICTION AND VENUE**

1. This is a civil action by Plaintiff against his former employer for monetary damages, declaratory relief and for other equitable relief pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII").

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the events and omissions giving rise to this claim occurred in this district.

## PARTIES

4. The Plaintiff is Mr. Langa, a former resident of Hillsborough County at the time of these events.

5. Interstates is a Foreign Profit Corporation conducting business in Hillsborough County. Interstates' principal location is 1400 7th Avenue Northeast, Sioux Center, Iowa 54250.

## ADMINISTRATIVE PREREQUISITES

6. Mr. Langa has satisfied all prerequisites necessary to bring this cause of action.

## STATEMENT OF FACTS

7. Mr. Langa was hired by Interstates on September 12, 2019.

8. Mr. Langa worked as an unlicensed journeyman electrician at the "Hawk Project" located at 6041 Diana Toledo Almeida Road in Gibsonton, Florida 33534 in Hillsborough County.

9. On July 17, 2020, Superintendent, Tim Allen, asked Mr. Langa how much money it would take for Mr. Langa to "give [him] a blow-job, $100,000, $200,000?" Mr. Allen said this in front of other employees. Mr. Allen then asked Mr. Langa if he would give Scott Pederson, the CEO, a blow-job for a promotion.

10. On July 24, 2020, Mr. Allen suspended Mr. Langa.

11. Following the suspension, Mr. Langa reported Mr. Allen's sexual comments to the HR Director, Cindy Larsen.

12. On July 31, 2020, Ms. Larsen called Mr. Langa and told him that an investigation took place in regard to his report. Ms. Larsen told Mr. Langa that his accusations were deemed to be true. Ms. Larsen asked Mr. Langa if he wished to return to the Hawk Project or be moved to work somewhere else. Mr. Langa did not give an immediate answer and asked for time to consider his options.

13. Interstates did not terminate Mr. Allen as a result of the investigation.

14. On July 31, 2020, Mr. Langa was arrested. On August 10, 2020, Mr. Langa was released, and he called Interstates about returning to work. Mr. Langa informed Interstates that he had been arrested. Interstates terminated Mr. Langa and told him to reapply when the situation involving his arrest was settled.

15. In November 2020, Mr. Langa reapplied to Interstates but was told he was not eligible for rehire.

16. Interstates has several employees in similar positions to Mr. Langa who were arrested but were not terminated. Andy Knott, a foreman at Interstates, was arrested in 2018. Interstates did not fire Mr. Knott after he was arrested.

17. Mr. Langa was terminated on a pretext.

18. Mr. Langa was terminated because he reported sexual harassment to Ms. Larsen.

19. Plaintiff has incurred costs and attorney's fees in bringing this matter.

## COUNT I

### VIOLATION OF TITLE VII
### QUID PRO QUO SEXUAL HARASSMENT

20. All allegations prior to Count I are realleged and incorporated herein.

21. Title VII makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's gender.

22. Plaintiff is a member of a protected class based on his gender.

23. Defendant is considered an "employer" within the meaning of Title VII.

24. Mr. Langa has endured *quid pro quo* sexual harassment while employed with Interstates, thereby altering the terms and conditions of his employment and creating a hostile work environment. Mr. Allen harassed Mr. Langa by asking him how much it would cost for him to perform certain sexual acts. Mr. Allen made these comments in front of other employees to humiliate Mr. Langa and create a hostile working environment.

25. Interstates is vicariously liable for the conduct of Mr. Allen.

26. Defendant knew or should have known of the sexual harassment and failed to take prompt remedial action.

27. As a direct and proximate result of Interstates' unlawful discrimination, Mr. Langa has suffered past and future wage losses, severe emotional distress, reputational damages, loss of capacity to earn income, loss of enjoyment of life, among many other damages for which he is entitle to compensation.

**WHEREFORE**, Plaintiff respectfully invokes the remedial powers of this Court and prays for a judgment:

A. Awarding Plaintiff back pay, front pay, prejudgment interest, and damages for all employment benefits he would have received but for the discriminatory acts and practices of Defendant, Interstates;

B. Awarding Plaintiff compensatory damages against Defendant, Interstates;

C. Awarding reasonable attorney's fees and costs incurred in this action;

D. Any such other and further relief as this Court deems just and equitable.

## COUNT II

### VIOLATION OF TITLE VII
### RETALIATION

28. All allegations prior to Count I are realleged and incorporated herein.

29. Title VII makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's engagement in protected activity.

30. Plaintiff is a member of a protected class and protected by Title VII from retaliation for reporting sexual harassment.

31. Defendant is considered an "employer" within the meaning of Title VII.

32. Mr. Langa engaged in protected activity when he reported the sexual harassment to Ms. Larsen, HR Director.

33. Interstates terminated Mr. Langa because he reported Mr. Allen's sexual harassment.

34. As a direct and proximate result of Interstates' unlawful retaliation, Mr. Langa has suffered past and future wage losses, severe emotional distress, reputational damages, loss of capacity to earn income, loss of enjoyment of life, among many other damages for which he is entitle to compensation.

**WHEREFORE**, Plaintiff respectfully invokes the remedial powers of this Court and prays for a judgment:

E. Awarding Plaintiff back pay, front pay, prejudgment interest, and damages for all employment benefits he would have received but for the discriminatory acts and practices of Defendant, Interstates;

F. Awarding Plaintiff compensatory damages against Defendant, Interstates;

G. Awarding reasonable attorney's fees and costs incurred in this action;

H. Any such other and further relief as this Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff respectfully requests a trial by jury.

Dated this 23rd day of July 2021.

                                              */s/ Gary L. Printy Jr., Esq*
                                              **Gary L. Printy, Jr**
                                              Florida Bar No. 41956
                                              **PRINTY & PRINTY, P.A.**
                                              3411 W. Fletcher Ave., Suite A
                                              Tampa, Florida 33618
                                              Telephone (813) 434-0649
                                              FAX (813) 423-6543
                                              garyjr@printylawfirm.com
                                              e-service@printylawfirm.com
                                              *Attorney for Plaintiff Stephen Langa*